Jordan Greenberger, Esq.
FIRESTONE GREENBERGER PLLC
*Attorneys for Plaintiff*
14 Penn Plaza, 9th Floor
New York, NY 10122
(212) 597-2255
jg@firegreenlaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAPAPORT USA, INC., <br><br> Plaintiff, <br><br> -against- <br><br> NIVODA USA LLC, NIVODA LIMITED, AND DAVID SUTTON, <br><br> Defendants. | Case No. 25 – cv – 171 <br><br> **COMPLAINT** <br><br> JURY TRIAL DEMANDED |

Plaintiff Rapaport USA, Inc. ("Rapaport USA" or "Plaintiff"), for its complaint against defendants Nivoda USA LLC ("Niv-USA"), Nivoda Limited ("Niv-Limited") (with Niv-USA, "Nivoda"), and David Sutton ("Sutton") (with Nivoda, "Defendants"), pleads the following:

### PRELIMINARY STATEMENT

1.  This is an action for willful copyright infringement.

2.  Rapaport USA creates and publishes to its paid subscribers a price list for diamonds, known as The Rapaport Price List. The Rapaport Price List is Rapaport USA's opinion as to what diamonds of different sizes, color and clarity should sell for in the market, and it is the result of Rapaport USA's extensive hard work and expertise in the diamond industry. The Rapaport Price List is updated weekly to reflect changes in the global diamond markets, and it is the international benchmark used by dealers to establish diamond prices in all the major markets.

1

3. Nivoda offers an online diamond and gemstone marketplace. In connection with its marketplace, Nivoda is copying and using The Rapaport Price List. However, Nivoda does not have Rapaport USA's permission to copy, distribute, display, publish, create derivatives of, or otherwise exploit The Rapaport Price List. Nivoda, under the control and direction of its CEO and owner Sutton, is pirating The Rapaport Price List in order to grow its start-up marketplace and to unfairly compete with other diamond traders and trading platforms that subscribe to or otherwise have permission to use The Rapaport Price List.

## PARTIES

4. Rapaport USA is a Nevada corporation with its principal place of business located at 133 E. Warm Springs Rd., Suite 100, Las Vegas, NV 89119.

5. On information and belief, Niv-USA is a Delaware limited liability company with its principal place of business in the United States located at 589 Fifth Avenue, Suite 903, New York, NY 10017 or 580 Fifth Avenue, Suite 2508, New York, New York.

6. On information and belief, Niv-Limited is a company registered in England and Wales under company number 10736332 and has its registered office at New House Suite 47, New House, 67-68 Hatton Garden, London, United Kingdom, EC1N 8JY. On information and belief, Niv-Limited has its principal place of business in the United States at 580 Fifth Avenue, Suite 2508, New York, New York.

7. On information and belief, Sutton is an individual residing in London, England, he is a co-founder and the chief executive officer (CEO) of Nivoda, and he frequently travels to New York, New York for business.

**JURISDICTION AND VENUE**

8. This is an action for copyright infringement arising under the Copyright Act of 1976 (17 U.S.C. § 101 et seq.), and therefore the Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a). The Court has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367.

9. Venue is appropriate in this district because, on information and belief, Defendants or their agents reside or may be found in this district (28 U.S.C. § 1400(a)); and, on information and belief, Defendants' infringing conduct originates in this district (28 U.S.C. § 1391(b)(2)) and Defendants are otherwise subject to the court's personal jurisdiction.

**COUNT I – Copyright Infringement**
(Nivoda)

10. Plaintiff repeats and realleges paragraphs 1-9 herein.

11. Rapaport USA is the leading source of diamond prices, research, analysis, and news.

12. Rapaport USA publishes rapaport.com, RapNet.com, related websites, published materials in a range of media (collectively the "Rapaport Sites"), and The Rapaport Price List.

13. The Rapaport Price List provides Rapaport USA's opinion as to the market value of any diamond based on size, color, and clarity.

14. The information on The Rapaport Price List is the unique product of Rapaport USA's analysis and sophisticated expert industry opinion derived from its extensive market research and proprietary knowledge, and from Rapaport USA's decades of knowledge, investment, and industry relationships.

15. The Rapaport Price List is available by paid subscription only.

3

16. In addition to the price list itself, subscribers to The Rapaport Price List receive membership benefits based upon their level of subscription (Rapaport Basic, Rapaport Plus, or Rap Net).

17. Rapaport USA has expended significant time, resources and expense: (i) creating and updating The Rapaport Price List; (ii) building and servicing industry and customer relationships; (iii) developing the content located at the Rapaport Sites, including creative, information, data, and computer code content; and (iii) earning public recognition as a quality and trusted source for analysis and other content, including exclusive content, that is highly valued by Rapaport USA customers and The Rapaport Price List subscribers.

18. Rapaport USA publishes The Rapaport Price List weekly on Thursdays at 11:59pm EST and each edition reflects changes in the global diamond markets.

19. Each edition of The Rapaport Price List is a work of authorship, protected by the United States Copyright Act, and the copyright of each edition is exclusively owned by Rapaport USA.

20. Rapaport USA has various federal copyright registrations covering editions of The Rapaport Price List, including without limitation the following:

| Title | Full Title | Copyright Number | Date |
|---|---|---|---|
| Rapaport. | Rapaport. [Published: 2024-01-01 to 2024-03-01. Issues: vol. 47, no. 1, January 1, 2024 to vol. 47, no. 2, March 1, 2024] | TX0009428011 | 2024 |
| Rapaport. | Rapaport. [Published: 2024-05-01. Issue: vol. 47, no. 3, May 2024] | TX0009432525 | 2024 |
| Rapaport | Rapaport. [Published: 2024-07-01. Issue: vol. 47, no. 4, July 2024] | TX0009431797 | 2024 |
| Rapaport | Rapaport. [Published: 2023-01-01 to 2024-03-01. Issues: vol. 46, no. 1, January 1, 2023 to vol. 46, no. 2, March 1, 2023] | TX0009400960 | 2023 |

| | | | |
|---|---|---|---|
| Rapaport | Rapaport. [Published: 2023-05-01 to 2023-07-01. Issues: vol. 46, no. 3, May 1, 2024 to vol. 46, no. 4, July 1, 2023] | TX0009400949 | 2023 |
| Rapaport | Rapaport. [Published: 2023-09-01 to 2023-11-01. Issues: vol. 46, no. 5, September 1, 2023 to vol. 46, no. 5, November 1, 2023] | TX0009412028 | 2023 |
| Rapaport | Rapaport. [Published: 2023-09-01 to 2023-11-01. Issues: vol. 46, no. 5, September 1, 2023 to vol. 46, no. 6, November 1, 2023] | TX0009382702 | 2023 |
| Rapaport | Rapaport. [Published: 2022-01-01 to 2022-03-01. Issues: vol. 45, no. 1, January 1, 2022 to vol. 45, no. 3, March 1, 2022] | TX0009140923 | 2022 |

21.     On information and belief, Nivoda is an online business-to-business (B2B) diamond and gemstone marketplace providing services to purchasers and suppliers around the world.  On information and belief, Nivoda's services include providing quality control, shipping and invoicing.

22.     On information and belief, since approximately the summer of 2023, Nivoda has been copying, publishing, distributing, creating derivatives of, and otherwise exploiting the entirety of The Rapaport Price List, as updated from time to time, including Rapaport USA's updates and edits thereto and derivatives thereof.

23.     Nivoda's marketplace service displays diamond prices based upon or otherwise copied from The Rapaport Price List.

24.     On information and belief, Nivoda provides The Rapaport Price List, in whole or in part, to Nivoda's own subscribers for free.

25.     Nivoda does not have authorization from Rapaport USA to copy, publish, distribute, create derivatives of, display, or otherwise exploit The Rapaport Price List.

26. At all relevant times, Defendants knew that Nivoda did not have authorization from Rapaport USA to copy, publish, distribute, create derivatives of, display, or otherwise exploit The Rapaport Price List.

27. Nivoda has never obtained a license from Rapaport USA to use The Rapaport Price List for any purpose.

28. Nivoda's conduct constitutes a violation of Rapaport USA's exclusive rights under section 106 of the Copyright Act (17 U.S.C. § 106).

29. On information and belief, Nivoda obtains The Rapaport Price List by scraping or harvesting the information from Rapaport Sites; and/or by causing an authorized subscriber to breach the terms and conditions of their Rapaport Price List subscription.

30. On information and belief, Nivoda's marketplace service updates diamond prices nearly simultaneously with and in accordance with updates on The Rapaport Price List.

31. Nivoda has exploited The Rapaport Price List to grow its business and to promote the sale of its goods and services as part of its regular business activities.

32. By infringing Rapaport USA's rights in The Rapaport Price List, Nivoda has grown its businesses at Rapaport USA's expense, and Defendants have otherwise benefited from Nivoda's unauthorized copying and exploitation The Rapaport Price List.

33. For example, on information and belief Nivoda raised $30 million in Series B funding and $51 million in Series C funding in 2024.  On further information and belief, Nivoda has grown to over 200 employees, and in 2023 the value of the diamonds Nivoda delivered to retailers was roughly $160 million a year and growing at 2.5x per year.

34. Nivoda is unfairly competing with others in the diamond industry, including other trading platforms (e.g., RapNet), who subscribe to or are otherwise authorized by Rapaport USA to use The Rapaport Price List.

35. For example, diamond traders may choose to not purchase a subscription to The Rapaport Price List from Rapaport USA, or choose to not use paid trading platforms that are authorized to use The Rapaport Price List (e.g., RapNet), if the traders can obtain the same information for free from Nivoda.

36. Rapaport USA notified Defendants that Nivoda was infringing Rapaport USA's copyright interests in The Rapaport Price List and demanded that Defendants cease and desist.

37. Nivoda, however, did not cease and desist, it has continued to exploit The Rapaport Price List without Rapaport USA's authorization, and Rapaport USA's infringement claim has not been resolved.

38. Nivoda's infringement of Rapaport USA's copyright was and is willful.

39. Nivoda's conduct has caused Rapaport USA to suffer damages in an amount to be determined.

## COUNT II – VICARIOUS LIABILITY FOR COPYRIGHT INFRINGEMENT
(Sutton)

40. Plaintiff repeats and realleges paragraphs 1 through 39 herein.

41. On information and belief, at all relevant times Sutton has been the CEO of Nivoda.

42. On information and belief, at all relevant times Sutton has had an ownership interest in Nivoda.

43. On information and belief, Sutton has worked in the diamond industry since approximately 2005.

7

44. On information and belief, Sutton co-founded Nivoda in or about 2017 with Andre Woons, who is now Nivoda's Chief Information Officer.

45. On information and belief, at all relevant times Sutton has intended to cause Nivoda to unfairly compete with authorized users of The Rapaport Price List. For example, on information and belief Sutton's origin story relating to the founding of Nivoda refers to his past experience using RapNet.

46. On information and belief, at all relevant times Sutton has been ultimately responsible for building and growing Nivoda and Nivoda's services.

47. On information and belief, at all relevant times Sutton has been aware of, has directed, has supervised, has controlled, and has been ultimately responsible for Nivoda's unauthorized copying and exploitation of The Rapaport Price List.

48. On information and belief, as an owner and the CEO of Nivoda, Sutton has profited from and enjoyed an obvious and direct financial benefit from Nivoda's infringing conduct.

49. On information and belief, Sutton has the right and ability to stop or limit Nivoda's direct infringement, but he has declined to exercise that right.

50. Sutton has had notice of Rapaport USA's infringement claim since at least September 2024.

51. On information and belief, Sutton's conduct has been for his benefit and the benefit of Nivoda.

52. Sutton's vicarious copyright infringement has been and is willful, and Sutton's conduct has caused (and is continuing to cause) Rapaport USA to suffer damages in an amount to be determined.

## PRAYER FOR RELIEF

WHEREFORE a judgment should be entered in favor of Plaintiff, and against Defendants, jointly and severally:

A. Pursuant to 17 U.S.C. § 502, preliminarily and permanently enjoining Defendants and their owners, officers, directors, agents, servants, employees, affiliated entities, and all of those in active concert with them, from committing the acts alleged herein, including without limitation enjoining them from distributing, reproducing, displaying, performing, or creating of derivative works from, all editions of The Rapaport Price List;

B. Pursuant to 17 U.S.C. § 503, ordering Defendants to destroy or otherwise dispose of all plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which copies of items infringing editions of The Rapaport Price List may be reproduced;

C. Pursuant to 17 U.S.C. § 504, awarding Plaintiff its actual damages and Defendants' profits attributable to the infringement, or, at Plaintiff's election, statutory damages;

D. Awarding Plaintiff its attorney's fees (17 U.S.C. § 505; Fed. R. Civ. P. 54(d));

E. Awarding Plaintiff interest, and Plaintiff's other recoverable costs and disbursements; and

F. Granting Plaintiff such other and further relief as the Court deems just.

## JURY DEMAND

Plaintiff demands a trial by jury as to all claims to which it is entitled.  This request is without prejudice to, or waiver of, Plaintiff's right to move for judgment on all issues that may be decided by the Court.

Dated: January 8, 2025

                              FIRESTONE GREENBERGER PLLC
                              *Attorneys for Plaintiff*

                              /s/ Jordan Greenberger
                              Jordan Greenberger, Esq.
                              14 Penn Plaza, 9th Floor
                              New York, NY 10122
                              (212) 597-2255
                              jg@firegreenlaw.com